BLEDSOE,
at a former day of this term, moved, in behalf of Reeder’s administrator, for a supersedeas to a decree ⅛ chancery, perpetually enjoining said administrator from proceeding at law on his judgment against the administrators of Duncan.
A note of hand was viven by Duncan, in his lifetime, b , . ¡or payment of a sum ot money to towards, as admtn-istrator of Reeder ; Edwards sued the administrators cf jQuncan — plea payment, verdict and judgment for the plaintiff. Duncan’s administrators exhibited their bill for relief against the judgment, alleging that the note had been paid by Duncan in his lifetime ; that a settlement had been made between Duncan and Edwards; that no receipt was taken ; that the note was to have been destroyed or delivered up by Edwards ; and that *569 of recovery only which is changed. If the proper dís-tinction is observed, between those laws which have reference to the essence, nature, construction or extent of a contract, and those which have reference only to the mode of enforcing the contract, the question will be plain.
The lex temporis contractus, must be regarded in giving a decision upon the essence and nature of a contract ; the laws existing at the time of seeking to enforce the contract, must govern and determine the kind of suit which may be brought.
The means afforded by the laws for enforcing a contract in case of breach or non compliance, makes no part of the contract. If the parties to the contract act in good faith, they intend to perform the stipulations, and therefore cannot be supposed to have stipulated for dilatory proceedings in a suit for enforcing the con* tract. That personal contracts, which were just and lawful when entered into according to the laws of the land where they were made, may be enforced according to the intent and true meaning of them, notwithstanding a change of residence of the debtor into a country whose judicial forms of proceeding are peculiar, and dissimilar to those prevailing or allowed according to the lex loci contractus, is a principle of justice as well as of social policy, which has ever prevailed amongst civilized nations. It is no plea for the debtor to say the contract cannot be enforced by the same forms of law that prevailed in the country wherein he contracted. The reason is, the modes of bringing suit and of execution are distinct from, and make no part of the contract itself, they do not enter into the essence of the contract. So the forms of suit and execution in our own country, at this time or at that, make no part of a contract at the one time or the other, and the legislature are at liberty to adopt this or that mode of euforcing contracts, which the circumstances of the country may suggest as expedient. They are not bound to continue the same forms and the same system of courts and of proceedings in suits, for the accommodation of debtors or creditors.
That the court might have given peremptory judgment against Grubbs the demurrant, upon overruling the demurrer, is clear ; but that they did not adjudge *570 against him as rigorously at they might have done, is surely no just cause of complaint.
Judgment affirmed.